1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                          EASTERN DISTRICT OF CALIFORNIA

9

10    TRAVIS JUSTIN CUELLAR,                    No.  1:24-cv-01196-SAB (PC)

11                    Plaintiff,                ORDER GRANTING PLAINTIFF'S MOTION
                                                FOR COPY OF SCREENING ORDER
12          v.
                                                (ECF No. 16)
13    ARAMARK, et al.,

14                    Defendants.

15

16          Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42

17    U.S.C. § 1983.

18          Currently before the Court is Plaintiff's motion for a copy of the Court's November 26,

19    2024, screening order, filed January 23, 2025.  (ECF No. 16.)  Plaintiff submits that his legal

20    papers "were ransacked by jail staff and certain legal documents were in fact stolen …."  (ECF

21    No. 16.)  Plaintiff's amended complaint is due on or before February 10, 2024.  (ECF No. 15.)

22          Plaintiff is advised that "prisoners have a constitutional right of access to the courts,"

23    Bounds v. Smith, 430 U.S. 817, 821 (1977), there is no constitutional right to receive photocopies

24    free of charge. Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir. 1990), overruled on other grounds

25    by Lewis v. Casey, 518 U.S. 343, 351 (1996); see also Jones v. Franzen, 697 F.2d 801, 803 (7th

26    Cir. 1983) ("[B]road as the constitutional concept of liberty is, it does not include the right to

27    xerox."); Wanninger v. Davenport, 697 F.2d 992, 994 (11th Cir. 1983) (finding no violation of

28

                                                    1

"appellant's constitutional rights when [prison officials] refused to provide him with free

photocopies...."); Reynolds v. Wagner, 128 F.3d 166, 183 (3d Cir. 1997) ("[T]here is no First

Amendment right to subsidized [legal] mail or photocopying.").

The rule prohibiting free photocopies is the same for plaintiffs proceeding in forma

pauperis. See In re Richard, 914 F.2d 1526, 1527 (6th Cir. 1990) (Title 28 U.S.C. section 1915

"waives only 'prepayment of fees and costs and security ...' [but] does not give the litigant a right

to have documents copied and returned to him at government expense."); Hadsell v. Comm'r

Internal Revenue Service, 107 F.3d 750, 752 (9th Cir. 1997); Dixon v. Ylst, 990 F.2d 478, 480

(9th Cir. 1993) (explaining that title 28 U.S.C. section 1915—governing proceedings in forma

pauperis—does not waive the payment of fees or expenses required for an indigent's witnesses);

Tedder v. Odel, 890 F.2d 210, 211–12 (9th Cir. 1989) (per curiam) (quoting United States v.

MacCollom, 426 U.S. 317, 321 (1976)) (holding that "the expenditure of public funds [on behalf

of an indigent litigant] is proper only when authorized by Congress," and that 28 U.S.C. section

1915 does not provide such authorization); Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993)

(courts are not authorized "to commit federal monies for payment of necessary expenses in a civil

suit brought by an indigent litigant." ) While Plaintiff is not entitled to free copies of his legal

filings, in the interests of moving this case forward and assisting Plaintiff in preparing an

amended complaint, the Court will make a one-time exception and send a courtesy copy of his

original complaint and the Court's November 26, 2024 screening order.

Accordingly, it is HEREBY ORDERED that the Clerk of Court shall send Plaintiff a

courtesy copy of the Court's November 26, 2024 screening order, (ECF No. 13), and Plaintiff's

amended complaint is due on or before February 10, 2024.

IT IS SO ORDERED.

Dated:    **January 24, 2025**                    _____

STANLEY A. BOONE
United States Magistrate Judge

2