1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS JUSTIN CUELLAR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ARAMARK, et al.,<br><br>　　　　Defendants. | No. 1:24-cv-01196-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S REQUEST TO ADD ADDITIONAL CAUSES OF ACTION AND DEFENDANTS TO FIRST AMENDED COMPLAINT<br><br>(ECF No. 18)<br><br>ORDER GRANTING PLAINTIFF THIRTY DAYS TO FILE AN AMENDED COMPLAINT |

　　　Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on October 4, 2024.

　　　On November 26, 2024, the Court screening Plaintiff's complaint, found no cognizable claims, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 13.) On January 6, 2025, the Court granted Plaintiff an additional thirty days to file an amended complaint. (ECF No. 15.) Then, on January 27, 2025, the Court granted Plaintiff's request for a copy of the Court's November 26, 2024, screening order and advised Plaintiff that his amended complaint was due on or before February 10, 2025. (ECF No. 17.)

　　　Currently before the Court is Plaintiff's request to add additional causes of action and Defendants to the amended complaint, which has not yet been filed, or to file a separate action.

1  (ECF No. 18.)

2  As Plaintiff was advised in the Court's November 26, 2024 screening order, "Plaintiff
3  may not change the nature of this suit by adding new, unrelated claims in his amended
4  complaint." (ECF No. 13 at 11.) (citation omitted.) Plaintiff states, "[t]his case involves a
5  Racketeering Scheme that has shown additional Defendants as members of the enterprise and
6  additional causes of action." (ECF No. 18.)

7  As an initial matter, Plaintiff's request borders on the line of seeking an advisory opinion
8  from the Court. However, the Court does not issue advisory opinions or provide legal advice,
9  even to pro se litigation. See Chi. & S. Air Lines v. Waterman S. S. Corp., 333 U.S. 103, 113–14
10 (1948) ("This Court early and wisely determined that it would not give advisory opinions even
11 when asked by the Chief Executive. It has also been the firm and unvarying practice of
12 Constitutional Courts to render no judgments not binding and conclusive on the parties and none
13 that are subject to later review or alteration by administrative action." (citation omitted); see also
14 Linger v. Conan Doyle Estate, Ltd., 755 F.3d 496, 498-499 (7th Cir. 2014) (although "[i]t would
15 be very nice to be able to ask federal judges for legal advice ... advisory jurisdiction ... is ...
16 inconsistent with Article III's limitation of federal jurisdiction to actual disputes." (internal
17 citations omitted)).

18 Nonetheless, as stated in the Court's initial screening order, Plaintiff failed to state a
19 cognizable RICO violation for several reasons, including the failure to establish Defendant were
20 guilty of any specific federal crimes, failure to set forth factual allegations to obtain monetary
21 damages in a private right of action, and failure to allege any "racketeering activity" or injury to
22 his business or property. (ECF No. 13 at 7.)

23 Further, a plaintiff may not bring unrelated claims against unrelated parties in a single
24 action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011);
25 George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). A plaintiff may bring a claim against
26 multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or
27 series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed.
28 R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same

1  transaction" requirement refers to similarity in the factual background of a claim. Coughlin, 130
2  F.3d at 1349.  Only if the defendants are properly joined under Rule 20(a) will the Court review
3  the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of
4  multiple claims against the same party.  Claims are related where they are based on the same
5  precipitating event, or a series of related events caused by the same precipitating event.  Where
6  there is misjoinder, a court "has two remedial options: (1) misjoined parties may be dropped 'on
7  such terms as are just'; or (2) any claims against misjoined parties 'may be severed and proceeded
8  with separately.' " DirecTV, Inc. v. Leto, 467 F.3d 842, 845 (3d Cir. 2006); see, e.g., Gilmore v.
9  Bauder, No. 1:19-CV-01229-NONE-SKO, 2021 WL 634731 at *3 (E.D. Cal. Feb. 18, 2021)
10 (dismissing severed claims without prejudice).  In determining which of the two remedial options
11 should be applied, the court should consider the following factors, inter alia: (1) the relevant
12 statute of limitations; (2) where the parties are in the discovery process; and (3) the past and
13 future expenditures of both the court and the parties. See Robinson v. Geithner, No. 1:05-CV-
14 01258-LJO-SKO, 2011 WL 66158 at *10 (E.D. Cal. Jan. 10, 2011).  In addition, severance or
15 dismissal of misjoined parties in cases brought by inmates under 28 U.S.C. § 1915(g) ensures that
16 prisoners pay the required filing fees for each unrelated claim that should be brought in separate
17 actions. George v. Smith, 507 F.3d at 607.
18     Given Plaintiff's instant filing and in the interest of justice, the Court will grant Plaintiff
19 an additional thirty days to file an amended complaint, if so desired.  In filing an amended
20 complaint, Plaintiff should thoroughly review all the applicable standards set forth in the Court's
21 November 26, 2024 screening order and the instant order.  Plaintiff is again advised that Local
22 Rule 220 requires that an amended complaint be complete in itself without reference to any prior
23 pleading.
24     Based on the foregoing, it is HEREBY ORDERED that:
25 1.    Plaintiff is granted **thirty (30)** days from the date of service of this order to file an
26       amended complaint which shall not exceed twenty-five pages in length; and
27 ///
28 ///

2. If Plaintiff fails to file an amended complaint, the Court will recommend to a district judge that this action be dismissed for failure to state a cognizable claim for relief, failure to prosecute, and failure to obey a court order.

IT IS SO ORDERED.

Dated: __**February 6, 2025**__

STANLEY A. BOONE
United States Magistrate Judge